■ In the Matter of the Claim of HENRY G. WALKER, Respondent, against TRIBOROUGH BRIDGE & TUNNEL AUTHORITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions and an award made by the Workmen's Compensation Board. Claimant was a bridge and tunnel officer for the New York City Parkway Authority. On December 29, 1939, he fell from a truck on which he was standing in the course of his duties and suffered a sprain in the back and in the sacro-iliac joint. In 1944 claimant developed a cardiac condition. In 1946 the Triborough Bridge & Tunnel Authority succeeded by consolidation to the Parkway Authority and became claimant's employer. On July 29, 1950, claimant sustained another injury to his back through accident in a vehicle in the course of employment. Claimant continued work; but became disabled in December, 1950. His cardiac condition was a factor in the disablement; but there is medical testimony that the two accidents he had suffered and the resulting back condition were also causes of the disability. The award of compensation began in May, 1951, and in the autumn of 1951, claimant was retired from his public employment for physical disability arising from the cardiac condition. This reason for retirement is not binding on the Workmen's Compensation Board which could find on this record that the disability was in part due to the two accidents. There is not only medical opinion in support of this conclusion, but the results of late (1952 and 1954) medical examinations suggest the cardiac condition is improving. The board divided the responsibility for the two accidents by charging half to the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law (for the 1939 accident) and half to the appellant carrier. It refused to apply the provisions of the second injury law (Workmen's Compensation Law, § 15, subd. 8) and on this record it was justified in concluding that claimant had not been continued in service between 1944 and 1950 with knowledge by the employer of a permanent physical impairment likely to be an obstacle or hindrance to employment. Decisions and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.